UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FILED'06 AUG 24 15:28USDC-ORP

ELEANOR LINDQUIST,

                Appellant,

      v.

JEFFREY C. LINDQUIST,

                Appellee.

No. CV 06-937-MO

OPINION AND ORDER

**MOSMAN, J.,**

In this bankruptcy appeal, appellant Eleanor Lindquist seeks review of the bankruptcy court's sua sponte order dismissing without prejudice her adversary claim in the context of the appellee-debtor's Chapter 13 proceedings. Looking past Ms. Lindquist's numerous procedural errors, it appears she makes two primary arguments: (1) the bankruptcy court provided insufficient notice of its intent to dismiss her adversary proceeding and the proceedings leading up to the dismissal, in violation of due process, and (2) the bankruptcy court's basis for dismissing her adversary proceeding was in error. Exercising jurisdiction under 28 U.S.C. § 158, I DENY the appeal.

## BACKGROUND

Ms. Lindquist originally filed her adversary complaint on August 2, 2005. That same day, the court issued a summons to Ms. Lindquist to be signed by her and served on appellee Jeffrey Lindquist. The summons stated: "**NOTICE IS GIVEN** THAT A PRE-TRIAL

PAGE 1 - OPINION AND ORDER

CONFERENCE WITH RESPECT TO THIS COMPLAINT HAS BEEN SET FOR A **"MEET ME"** style **TELEPHONE HEARING** to be **HELD AT 09:00 AM ON 9/27/05.** Aplee. ER[1] at 6. The summons further provided that each party was responsible for calling into the court on the date of the pretrial conference to get connected to the "meet me" telephone line. *Id.*

On August 19, a hearing was held in the bankruptcy court with both parties present, and the court ordered Ms. Lindquist to file an amended complaint by September 9. The transcript from the hearing states:

> [MS. CHAPMAN]: Your Honor, I want to clarify when you're going to expect Ms. Lindquist - - if she continues to proceed with her adversary proceedings, when she would need to amend the complaint.
> THE COURT: Could you file that, Ms. Lindquist, by the end of this month?
> MS. LINDQUIST: Yes.
> THE COURT: August 31?
> MS. LINDQUIST: Yes. What is today's date, the 20th?
> THE COURT: Today is the 19th. Is that too soon?
> MS. LINDQUIST: Well, it's a little too soon, Your Honor.
> THE COURT: How about September 9th?
> MS. LINDQUIST: Yes. That would work.

*Id.* at 12. The pretrial conference deadline was not changed at the hearing, and Mr. Lindquist was told he would not have to file an answer to the amended complaint until after the pretrial conference. *Id.* A formal order was entered to this effect on September 1.

Ms. Lindquist filed her amended complaint on September 7, but she did not appear for the pretrial conference on September 27. At the pretrial conference, the bankruptcy court stated it would dismiss the adversary proceeding without prejudice on the basis that Ms. Lindquist's claims are dischargeable under the Chapter 13 "super discharge" provision. Aplt. ER, 8 at 1. The next day, Ms. Lindquist filed an ex parte motion to reset the pretrial conference explaining

---

[1]"ER" references the parties' "Excerpts of Record."

that she misunderstood the September 1 order concerning the timing of the pretrial conference and that she did not receive a reminder call from the bankruptcy court about the hearing as she had in the past.  Aplee. ER at 21-23.  On September 29, the bankruptcy court held a hearing with the parties and again explained his reasons for dismissing the adversary proceeding:

> I discussed with Ms. Chapman at [the pretrial conference] what I intended to do, and nothing would have been different if Ms. Lindquist had attended that hearing. Because all the matters raised in that adversary proceeding would be subject to the super discharge in Ms. Lindquist's case in the event that [Mr. Lindquist's] 13 case proceeds to discharge, I dismissed the adversary proceeding without prejudice. And in the event there is a dismiss of Mr. Lindquist's Chapter 13 case, the adversary could be revived. . . .
> But this is what I would do in any event to save the parties time and money, so that's what I intend to do with regard to the adversary . . . .

*Id.* at 45.  In clarifying what her options were if Mr. Lindquist's bankruptcy were converted to a Chapter 7 proceeding, the court told Ms. Lindquist that she would be allowed to revive her adversary claim without payment of additional fees.  In response, Ms. Lindquist replied, "All right.  Okay.  Well, I understand that, and I think we can move ahead.  I think that's just fine."  *Id.* at 46.

On October 21, the bankruptcy court entered a formal order dismissing the adversary claim and denying Ms. Lindquist's ex parte motion to reschedule the pretrial conference.  Six days later, Ms. Lindquist filed a notice of appeal.  *Id.* at 26.

## DISCUSSION

Ms. Lindquist makes numerous errors in presenting her appeal to the court.  For example, she failed to file a Statement of Issues within ten days of filing her notice of appeal, as required by Fed. R. Bankr. P. 8006, and she failed to state the "basis of appellate jurisdiction," "the issues presented," and the "applicable standard of appellate review" in her opening brief, as required by

PAGE 3 - OPINION AND ORDER

Fed. R. Bankr. P. 8010(a)(1)(B) and (C). However, looking beyond these failings and addressing her arguments on appeal, I find the bankruptcy court did not violate Ms. Lindquist's due process rights. First, she argues she was given insufficient notice of the court's order that she file an amended complaint by September 9 because she was not served until September 3. However, not only did Ms. Lindquist have actual notice of the court's order, at the August 19 hearing she participated in setting the deadline for filing the amended complaint. She also filed her amended complaint two days before the deadline expired. Clearly, her due process rights were not violated.

Secondly, she argues she was denied due process because the bankruptcy court failed to provide prior notice of its intent to dismiss her adversary claim on its own motion. "It is fundamental that due process of law requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United States v. Levoy*, 182 B.R. 827, 833 (9th Cir. B.A.P. 1995) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). And while the general rule is that prior notice is required before a court sua sponte dismisses a claim, "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.* 813 F.2d 986, 991 (9th Cir. 1987). Here, the bankruptcy court dismissed Ms. Lindquist's adversary proceeding because the claims she alleged are dischargeable under Chapter 13's "super discharge" provision. *See* 11 U.S.C. § 1328(a). Further, the bankruptcy court provided that her claims were being dismissed "without prejudice to reopening without the payment of a further fee in the event this bankruptcy case is converted to a case under Chapter 7." Aplee. ER at 25. As such, the bankruptcy court did not violate Ms.

PAGE 4 - OPINION AND ORDER

Lindquist's due process rights because under the terms of the court's order, she was not denied the opportunity to pursue a potentially viable claim.

To the extent Ms. Lindquist argues she was given insufficient notice of the September 27 pretrial conference where the court made its sua sponte order, this argument is also rejected. Ms. Lindquist was informed of the date for the pretrial conference in the summons provided to her by the court on August 2. Likewise, a docket entry on that same day specified the timing of the hearing. And even though the bankruptcy court did not specifically reiterate the date set at the August 19 hearing or its order resulting from that hearing, the court did indicate the pretrial conference was still forthcoming, stating: "I'll enter an order . . . and require that the amended complaint be filed by September 9th, and not require that any answer be filed or other response until we set deadlines at - - if necessary, at the *initial pretrial conference*." *Id.* at 12 (emphasis added). As such, Ms. Lindquist had actual notice of the hearing sufficient to satisfy due process. *See In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1431 (9th Cir. 1990).

Aside from her due process arguments, Ms. Lindquist also contends the bankruptcy court erred in ruling that 11 U.S.C. § 1328(a) discharges her claims in the context of Chapter 13 proceedings. This argument is in error and is rejected without further discussion.

For the foregoing reasons, Ms. Lindquist's appeal is DENIED.

IT IS SO ORDERED.

DATED this _____ day of August, 2006.

MICHAEL W. MOSMAN
United States District Court

PAGE 5 - OPINION AND ORDER